UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-22173-GAYLES

HOPE BETHUNE,

                **Plaintiff,**

v.

SBE ENT HOLDINGS, LLC,
BEACH HOTEL ASSOCIATES, LLC,
MORGANS HOTEL GROUP
MANAGEMENT, LLC, and
ELDRIDGE INDUSTRIES, LLC,

                **Defendants.**
_____/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiff's Motion for Remand (the "Motion") [ECF No. 7]. The Court has reviewed the Motion and the record and is otherwise fully advised. Because the Court finds that Defendant Eldridge Industries, LLC ("Eldridge"), has not established that the amount in controversy exceeds the jurisdictional threshold, the Motion shall be granted.

**I.    BACKGROUND**

According to the allegations in the Complaint, during the relevant time period, Defendants Morgans Hotel Group Management, LLC, SBE ENT Holdings, LLC, and Beach Hotel Associates, LLC (collectively the "Employer Defendants") owned and/or operated the Delano Hotel (the "Hotel"). Eldridge is a successor in interest to one or more of the Employer Defendants. Plaintiff began working at the Hotel as a Human Resources Director in 2012. In November of 2017, the Employer Defendants asked Plaintiff to temporarily move to the Bahamas to assist at

another property. When it was time for Plaintiff to return to Miami and her work at the Hotel, Plaintiff was advised that she had been replaced. Plaintiff was terminated on March 19, 2019.

On December 11, 2020, Plaintiff filed an action in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, under the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.01 *et seq.*, alleging that the Employer Defendants discriminated against her on the basis of her color, race, and age. Plaintiff also alleges a successor liability claim against Eldridge. On June 11, 2021, Eldridge removed the action, invoking this Court's diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Plaintiff now moves to remand arguing that Eldridge has not met its burden to establish the requisite amount in controversy.[1]

## II.   LEGAL STANDARD

The statute governing removal, 28 U.S.C. § 1441, permits a defendant to remove most civil cases originally filed in state court to federal court if the federal court can properly exercise federal question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. Relevant here, Diversity jurisdiction requires fully diverse citizenship of the parties and an amount in controversy over $75,000, assessed at the time of removal. *Ehlen Floor Covering, Inc. v. Lamb*, 660 F.3d 1283, 1287 (11th Cir. 2011); *see also* 28 U.S.C. § 1332(a).

Upon removal, 28 U.S.C. § 1447(c) "implicitly recognizes two bases upon which a district court may—and in one case must—order a remand: when there is (1) a lack of subject matter jurisdiction or (2) a defect other than a lack of subject matter jurisdiction." *Hernandez v. Seminole County*, 334 F.3d 1233, 1236-37 (11th Cir. 2003) (citation omitted). If a plaintiff seeks remand on the basis of a lack of subject matter jurisdiction, she may file a motion to remand at any time,

---

[1] In her reply in support of the Motion, Plaintiff also argues that (1) Eldridge has not established the citizenship of the Employer Defendants and (2) the Employer Defendants did not properly consent to removal. Because the Court finds that Eldridge has not established the requisite amount in controversy, it does not address these additional arguments.

and "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction." *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 n.1 (11th Cir. 2012).

A district court considering a motion to remand "has before it only the limited universe of evidence available when the motion to remand is filed—*i.e.*, the notice of removal and accompanying documents," *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213-14 (11th Cir. 2007) (footnote omitted), although the court "when necessary [may] consider post-removal evidence in assessing removal jurisdiction," such as "to establish facts present at the time of removal," *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 773 (11th Cir. 2010) (quoting *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 946, 949 (11th Cir. 2000)). If that evidence is insufficient to establish the propriety of removal, "neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." *Lowery*, 483 F.3d at 1214-15. The district court is required to "strictly construe the right to remove and apply a general presumption against the exercise of federal jurisdiction, such that all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Scimone v. Carnival Corp.*, 720 F.3d 876, 882 (11th Cir. 2013) (internal quotation mark omitted). That said, the court must be "equally vigilant" in protecting a defendant's right to proceed in federal court as it is in respecting the state court's right to retain jurisdiction. *Pretka*, 608 F.3d at 766.

### III.    DISCUSSION

"[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold"; however, when the plaintiff contests the defendant's allegation, 28 U.S.C. § 1446(c)(2)(B) mandates that the defendant establish by a preponderance of the evidence that the amount in controversy exceeds the threshold. *Dart Cherokee*

*Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014). Here, in accordance with Florida law, Plaintiff alleged in her Complaint only that she seeks damages over $30,000, including back pay, front pay, compensatory damages, punitive damages, and attorney's fees and costs. Eldridge asserts that the aggregate of these potential awards exceeds $75,000.

To establish that federal jurisdiction exists, a defendant must do so by a showing of fact, and not mere conclusory allegations. *Lowery*, 483 F.3d at 1217; *see also Sierminski*, 216 F.3d at 949 (removal "cannot be based simply upon conclusory allegations where the ad damnum is silent" (citation and internal quotation marks omitted)). District courts can make "'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (quoting *Pretka*, 608 F.3d at 754). Courts "may use their judicial experience and common sense" in determining whether the amount in controversy is met, *id.* at 1062, but if the jurisdictional amount is "neither stated clearly on the face of the documents before the court, nor readily deducible from them, the district court lacks jurisdiction and must remand to state court." *Rae v. Perry*, 392 F. App'x 753, 755 (11th Cir. 2010) (per curiam) (citing *Lowery*, 483 F.3d at 1210-11, 1219).

### A.  Back Pay

Under the FCRA, the court may issue an order providing affirmative relief, including back pay. Fla. Stat. § 760.11(5). In calculating back pay for purposes of the jurisdictional threshold, there is a split of opinion among the district courts in Florida as to whether to calculate back pay through the date of trial or only through the date of removal. This Court finds the more appropriate approach is to calculate back pay from termination through the date of removal. *Hardman v. Zale*, No. 16-cv-62826, 2017 WL 759023, *3 (S.D. Fla. Feb. 28, 2017).

In refusing to calculate back pay through the trial date, one court stated:

> [T]his Court is not persuaded that reasonable deductions can support calculating back pay through the date of trial. If calculated through the date of trial, the Court would be required to not only estimate a trial date, but also predict whether Plaintiff will or will not continue to mitigate his damages between the date of removal and that estimated trial date. These predictions would be too uncertain and based on the unknown, impermissibly formed from speculation, rather than evidence before the Court. For the purposes of this motion, the Court will calculate back pay through the date of removal to avoid impermissible speculation.

*Ambridge v. Wells Fargo Bank, N.A.*, 14-1212, 2014 WL 4471545, at *3 (M.D. Fla. Sept. 10, 2014). Similarly, this Court finds that, for purposes of determining the jurisdictional threshold, back pay should be determined from the date of Plaintiff's termination through the date of removal. Calculating back pay from the date of Plaintiff's termination through trial is too speculative under the same reasoning applied by the court in *Ambridge* and other courts electing to calculate back pay through the date of removal. *See Hardman*, 2017 WL 759023, at *3.

Eldridge contends that, based on Plaintiff's salary at the time of her termination, calculating her back pay through the date of removal would still exceed the jurisdictional threshold. However, Eldridge fails to consider the extent to which Plaintiff has mitigated her damages. "Back pay calculations require a deduction of any amounts Plaintiff earned since a wrongful discharge." *Hammett v. Bellsouth*, No. 18-62643, 2018 WL 6980954, at *3 (S.D. Fla. Dec. 14, 2018) (quoting *Caterpillar Logistics Servs., Inc. v. Amaya*, 201 So. 3d 173, 176 (Fla. 3d DCA 2016)). Like the removing defendant in *Hammett*, Eldridge has not submitted any evidence regarding Plaintiff's post-discharge employment, if any. This information "would be material to the Court to determine whether back pay can even properly be considered in this case in determining the amount in controversy." *Id.* at 3. Without any additional information, the Court would have to predict the extent to which Plaintiff might have mitigated her damages and the amount of back pay to which she is entitled. This is far too speculative to establish the requisite amount in controversy. *Id. See also Lupinacci v. American Express Co.*, 17-cv-62237-UU (S.D. Fla. Nov. 30, 2017) (remanding FCRA

case where "the only record evidence cited by Defendant is Plaintiff's $50,348 per year salary" which, "standing alone, [did] not establish an amount-in-controversy exceeding $75,000.").

### B.     Front Pay

Under the FCRA, plaintiffs are entitled to make a claim for either reinstatement or "front pay"—"an amount of money awarded after trial in lieu of, or until, reinstatement." *Brochu v. City of Riviera Beach,* 304 F.3d 1144, 1162 n.31 (11th Cir. 2002). Reinstatement is presumptively the "appropriate remedy in a wrongful discharge case," as front pay is awarded in lieu of reinstatement only in extenuating circumstances. *U.S. Equal Emp't Opportunity Comm. v. W & O, Inc.*, 213 F.3d 600, 619 (11th Cir. 2000). However, "[s]peculation regarding front pay cannot be used to supplement insufficient back pay for the purpose of meeting the jurisdictional requirement." *Avery v. Wawa, Inc.*, No. 8:18-cv-403-T-33TGW, 2018 WL 1008443, at *3 (M.D. Fla. Feb. 22, 2018). Here, the record presented by Eldridge is insufficient to support a finding that a potential award of front pay pushes this action past the jurisdictional minimum. Indeed, it is unlikely that an award of front pay would be granted and, if it were, the Court must speculate as to the amount. According, the Court will not consider front pay in calculating the amount in controversy. *See Hammett*, 2018 WL 6980954, at *3 (refusing to consider front pay in determining the amount in controversy).

### C.     Compensatory Damages

In actions brought under the FCRA, "[t]he court may also award compensatory damages, including, but not limited to, damages for mental anguish, loss of dignity, and any other intangible injuries, and punitive damages." Fla. Stat. § 760.11(5). Eldridge cites to other cases in this circuit to attempt establish the amount of compensatory damages that might be awarded in this case. However, reliance on past awards for "purportedly similar" claims is inadequate to satisfy the jurisdictional amount. *See Lowery*, 483 F.3d at 1220-21 ("[W]e question whether such general evidence [of previous awards] is ever of much use in establishing the value of claims in any one

particular suit. Looking only to this evidence and the complaint, the facts regarding other cases tell us nothing about the value of the claims in this lawsuit."). Here, Eldridge has provided "no information . . . that allows [the Court] to assess or even make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' as to the type or amount of compensatory damages to which [Plaintiff] might be entitled." *Marcenaro v. Creative Hairdressers Inc.*, No. 12-60236, 2012 WL 1405690, at *3 (S.D. Fla. Apr. 23, 2012) (quoting *Pretka*, 608 F.3d at 754). As a result, the Court cannot reasonably determine an amount of compensatory damages in calculating the amount in controversy.

### D.  Punitive Damages

For actions brought under the FCRA, punitive damages are available to a plaintiff not to exceed $100,000. Fla. Stat. § 760.11(5). Eldridge states that because it is not apparent to a legal certainty that the full, statutory allowable amount cannot be recovered, then this amount should be included in the amount in controversy. The Court disagrees. "[T]he mere request for punitive damages" does not satisfy the jurisdictional amount because "[d]rawing such a conclusion would be nothing more than speculation and is impermissible." *Marcenaro,* 2012 WL 1405690, at *3; *see also Desmond v. HSBC Card Servs., Inc.*, No. 09-1272, 2009 WL 2436582, at *2 (M.D. Fla. Aug. 6, 2009) ("[I]f the prayer for punitive damages satisfies the amount in controversy requirement, nearly every . . . case [in which punitive damages are permitted] is immediately removable."). As a result, the Court will not consider punitive damages as part of the amount in controversy.

### E.  Attorney's Fees

"When a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy." *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000). As with the other purported bases for damages, Eldridge must provide some

7

information about the amount of attorney's fees accrued at the time of removal. *Hammett*, 2018 WL 6980954, at *3. Eldridge fails to do so. As the only activity prior to removal appears to be Plaintiff's filing of the Complaint, the amount of attorney's fees would not likely satisfy the jurisdictional threshold.

### F.   Demand

Finally, Eldridge argues that Plaintiff made a pre-suit settlement demand to the Employer Defendants in the amount of $75,000.[2] In support of this argument, Eldridge attaches a heavily redacted e-mail between the Employer Defendants' prior counsel and the Employer Defendants which purportedly summarizes Plaintiff's oral pre-suit demand. [ECF No. 9-1]. There is no indication that the oral pre-suit demand included a detailed calculation of damages. Therefore, Plaintiff's oral demand is insufficient to support a damages calculation for jurisdictional purposes. *See Perez v. Scottsdale Ins. Co.*, 19-CV-22346, 2020 WL 596971, at *3 (S.D. Fla. Feb. 7, 2020) ("[V]ague and conclusory references to pre-suit settlement discussions, devoid of specific details or documentation about those discussions, are not reliable indicators of Plaintiff's damages."); *Towers of Oceanview S. Condo. Ass'n, Inc. v. Great Am. Ins. Co. of New York*, No. 14-61329-CIV, 2014 WL 4376147, at *3 (S.D. Fla. Sept. 4, 2014) (holding that email stating that plaintiff's claim "appear[ed] to be in the range of $80,000" was an "invitation to enter into settlement talks," not a demand, because it lacked a factual basis for determining that amount.).

## IV.   CONCLUSION

Upon consideration of the foregoing, the Court finds that Eldridge has failed to establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold. Accordingly, it is **ORDERED AND ADJUDGED** that the Plaintiff's Motion for Remand

---

[2] The Court notes that § 1332 requires that the amount in controversy *exceeds* $75,000.

[ECF No. 7] is **GRANTED**. This action is **REMANDED** in its entirety to the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12th day of March, 2022.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE